In the Matter of the Honorable James DANIKOLAS, Judge of the Lake Superior Court.

No. 45S00–0205–JD–281.

Supreme Court of Indiana.

Feb. 24, 2003.

Andrew V. Giorgi, Crown Point, Stanley W. Jablonski, Merrillville IN, Attorneys for Respondent Hon. James Danikolas.

Meg W. Babcock, Donald R. Lundberg, Indianapolis, IN, Attorneys for Commission On Judicial Qualifications.

JUDICIAL DISCIPLINARY ACTION

PER CURIAM.

## INTRODUCTION

This matter comes before the Court as a result of a judicial disciplinary action brought by the Indiana Commission on Judicial Qualifications ("Commission") against the Respondent herein, James Danikolas, Judge of the Lake Superior Court. Article 7, Section 4 of the Indiana Constitution and Indiana Admission and Discipline Rule 25 give the Indiana Supreme Court original jurisdiction over this matter.

After the Commission filed formal charges but before the matter could be heard by the judges appointed to take evidence in this proceeding, the parties jointly tendered a Statement of Circumstances and Conditional Agreement for Discipline. The Court accepted the conditional agreement. The parties have stipulated to the following facts.

## FACTS

On March 3, 2000, a dissolution decree was entered in Case No. 45D03–9801–DR–00138, in Lake Superior Court III, dissolving the marriage of M.D. ("Wife") and J.D. ("Husband"). At that time, Husband owed Wife $38,400.00 in spousal maintenance and child support, and that sum was reduced to a judgment in favor of Wife.

On June 19, 2000, Wife's attorney, James Thiros, filed a motion for proceedings supplemental, in which he asserted that Husband had paid nothing against the judgment. On July 19, 2000, Magistrate Costa Sakelaris presided over a hearing on the proceedings supplemental. Husband was ordered to provide within 10 days to Mr. Thiros documentation relating to income tax returns, an insurance policy, and his indebtedness on a vehicle. He was also ordered to begin making payments to Wife of $300.00 per month. The Magistrate's order was counter-signed by Respondent.

On September 6, 2000, James Thiros filed on behalf of Wife a motion seeking a contempt citation, alleging that Husband had failed to make any payments as ordered and had failed to provide the documents as ordered. On October 11, 2000, attorney Willie Harris entered an appearance for Husband.

The matter ultimately was heard by Magistrate Costa Sakelaris on January 31, 2001. Wife appeared with James Thiros, and Husband appeared with an associate of Willie Harris, Angela Bryant. At the conclusion of the hearing, the Magistrate found Husband in contempt of court for non-payment of support and for otherwise violating the court's prior order. She signed an order for his incarceration subject to a $10,000.00 escrow bond. At some point after the hearing, Respondent counter-signed the order of incarceration.

On Monday, February 5, 2001, without prior notice to Wife or her attorney, Respondent signed an order releasing Husband without the necessity of posting bond. Before signing the order, Respondent did not inquire of the Magistrate the basis for her incarceration order, nor did he review the file or the tape of the January 31, 2001 hearing.

The parties' agreement recites:

Respondent was prompted to sign the February 5, 2001 facsimile form order sent by an unidentified person at the Harris Law Office after a report from the office manager, Cheryl Freeman, that on January 31, 2001, the Magistrate

had incarcerated Husband, who during a hearing in 2000, had to be transported by ambulance from the courtroom to the hospital.

The February 5, 2001 order in the Record of Judgments and Orders in the office of the Lake County Clerk originally included a facsimile header at the top indicating the source of the order as North-West Engineering (used at times by the Harris Law Office). Sometime prior to October 18, 2001, the original order was replaced by a re-typed version. The re-typed version did not show the source of the order as NorthWest Engineering. Respondent's original signature is on this re-typed order. No witness or evidence has identified the source of the re-typed order or the reason for its creation and placement in the Records of Judgments and Orders.

## CONCLUSION

Subject to certain exceptions not applicable here, Canon 3B(8) of the Code of Judicial Conduct provides:

> A judge shall accord to every person who has a legal interest in a proceeding, or that person's lawyer, the right to be heard according to law. A judge shall not initiate, permit, or consider ex parte communications, or consider other communications made to the judge outside the presence of the parties, concerning a pending or impending proceeding ...

The parties agree that Respondent violated Canon 3B(8) when he considered and signed the faxed form order from the Harris Law Office without prior notice to Wife's attorney and without affording Wife an opportunity to be heard on the issue.

Respondent denies any knowledge of the source of the re-typed order described above. He denies any knowledge of the reason for its creation and placement in the Records of Judgments and Orders. However, in light of the fact that his signature is on the order, he accepts accountability for the appearance of impropriety created by these circumstances.

A period of suspension is often the appropriate sanction for violating Canon 3B(8). In the present case, however, the Judicial Qualifications Commission has determined and requested the imposition of a public reprimand. In light of the agreement of the Commission and Respondent, we accept this sanction. Accordingly, James Danikolas, Judge of the Lake Superior Court, is hereby reprimanded. This discipline terminates the disciplinary proceedings relating to the circumstances of this cause. The costs of this proceeding are assessed against Respondent.

All Justices concur.